HALLENBECK-HUNGERFORD REALTY CORP. v. JOHN I. DEVLIN CO.

(Circuit Court of Appeals, Second Circuit. December 14, 1915.)

No. 65.

1. BROKERS ☞53—RIGHT TO COMPENSATION—PROCURING LOAN.

Plaintiff was a building contractor, who sometimes financed building operations by procuring loans sufficient to carry them through. There was evidence tending to show that defendant authorized him, as a broker, to solicit a building loan; that he rendered services in that regard; that he agreed that, if he secured a building contract from defendant, he would not make any separate charge for his services in getting the loan; that he did not get such building contract, but that defendant availed itself of his services in negotiating for the loan by effecting it with the company with which he had been negotiating. *Held* that, if this loan was in continuation of the negotiations originally opened up by plaintiff as defendant's broker, and was not an entirely independent transaction, plaintiff could recover on a quantum meruit.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. ☞53.]

2. APPEAL AND ERROR ☞1001—REVIEW—QUESTIONS OF FACT.

The verdict of a jury, sustained by evidence, is conclusive on appeal, where there are no errors in the charge, or in the admission or exclusion of testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ☞1001.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. COURTS ☞356—REVIEW—DENIAL OF NEW TRIAL.

    The denial of a motion for a new trial is not reviewable in the federal' courts.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ☞356.]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment in favor of defendant in error, who was plaintiff below, which was entered upon the verdict of a jury. The complaint set out three causes of action; of these only one went to the jury. Recovery was sought upon a quantum meruit for services rendered by plaintiff in procuring a building loan of $900,000 upon the security of real estate owned by defendant.

Abel Crook, of New York City (Samuel Crook, of New York City, of counsel), for plaintiff in error.

Knox & Dooling, of New York City (Joseph M. Gazzam, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The principal business of the plaintiff is that of a building contractor, and it frequently undertakes to finance its operations by procuring loans sufficient to carry them through. John O. Devlin was its president, and as such entered into negotiations with officers of the defendant for a contract to erect a building on a piece of property which it owned in New York City. Devlin submitted a proposed contract; the document is a long one, but little of it need be set forth here. By its terms plaintiff offered to erect a building and to accept in payment $1,180,000. Besides doing this work, he also proposed to secure for defendant a building loan from the New York Life Insurance Company of $1,150,000 and to pay all costs and charges necessary to procuring the loan. He further undertook to procure for defendant an agreement by the same insurance company to lease certain floors in the new building, when completed, at a specified rental. While the parties were still negotiating, Devlin discovered that the New York Life would make no loan; thereupon he took the matter up with Metropolitan Life Insurance Company, and advised defendant's officers thereof. Apparently it made no difference to them which company loaned them the money, and they signed formal application to the latter company for a loan of $1,-250,000. There was a sharp conflict of testimony as to whether the signature "John O. Devlin Company, Brokers," was on the application when defendant's treasurer signed it; the verdict has determined that question in favor of the plaintiff. It further turned out that the insurance company would not loan so large a sum on the property, but would loan $900,000. That amount was acceptable to defendant, since it took that sum and executed mortgage therefor.

The proposed contract for erecting the building was never consummated; after long negotiations defendant gave the work to another builder. This action was not brought on the building contract, and

therefore much of the testimony and argument bearing on the subject of conditions precedent, on the failure to perform them, and on the responsibility for such failure become unimportant. About the law of the case these seems to be no conflict; the sole question was one of fact. In charging the jury Judge Mack epitomized the contentions of the parties as follows:

"If this were a suit for the refusal of defendant to give plaintiff the building contract, plaintiff could not recover, because it did not get a loan of $1,-150,000, and did not get the lease; and so it would not have performed the conditions which were absolutely essential to any obligation at all on the part of defendant to give it a building contract. But that is not this case. The plaintiff says: 'I am not suing because you did not give me the building contract, for profits I lost. I am not claiming that I did the things which entitled me to get the building contract under our talk.' But the plaintiff says, in substance: 'You authorized me, and gave me a written paper, and told me that I could go ahead, in your behalf, in your name, and get a loan for you from the Metropolitan Life; and I went to it on your behalf and got your loan. It is true I did not get $1,250,000, because the insurance company would not give that much; they would only give $900,000. But it was because I went there and had your written application that you eventually got the $900,000. You and I entered into this thing as a business deal * * * If you took the loan and got the benefit of my services, you have got to pay me the reasonable value of those services. If I had got the contract, there would have been no charge, because I would have agreed to pay myself out of what I might make on the work; but if no building contract materialized, and I did not act fraudulently in any way, and rendered you services by which you profited you should pay for them.' The defendant says, on the other hand: 'We did not employ you to get us a loan. You were not our broker. You did what you did only for yourself, in order that you could put yourself in the position to get the building contract. When it became evident that you could not get this lease, that there was not going to be any building contract, we did not take up that loan. * * * We withdrew our application, and there was no connection between the loan we eventually got and the loan which you tried to get for us.'"

The court further told the jury that the vital question was as follows:

"Was this loan of $900,000, that was actually made and accepted, a continuation of the original deal, or was the original deal entirely off, and the new loan made on an entirely different transaction?"

[1-3] Both sides were entirely satisfied with these instructions; no exception was reserved by either to any part of the charge. Plaintiff in error mainly relies on an exception to the court's denial of a motion to dismiss, or to direct verdict for defendant, on the whole case. There was evidence, however, from which it might be found that defendant did authorize plaintiff as broker to solicit a loan for it; that he rendered services in that regard; that plaintiff had agreed that if he secured a building contract from defendant he would not make any separate charge for his services in getting the loan; that when he could not get such building contract, because he could not effect a lease of the upper floors, defendant availed of his services in negotiating for the loan by effecting it with the company with which he had been negotiating. There was a sharp conflict of testimony on several branches of the case, but it was for the jury to determine which narrative was the true one. If the final deal with the company which

made the loan was in continuation of the negotiations originally opened up by. plaintiff as defendant's broker, and was not an entirely independent transaction, plaintiff could recover on a quantum meruit. In our opinion there was evidence to support such a conclusion, and it would have been error to take the case from the jury; their verdict, if there be no errors in the charge, or in admission or exclusion of testimony, is of course conclusive. Assignments of error 24, 25, and 26 cannot be considered, as the denial of a motion 'for a new trial is not reviewable in the federal courts.

As has been stated, there were no errors assigned to the charge. There are a number of exceptions. to admission or exclusion of testimony; none of them are of sufficient general importance to call for discussion. Some of the questions ruled on apparently called for opinions, conclusions, or inferences; evidence elicited in response to others would be immaterial if defendant's theory were correct, but would be material if plaintiff's theory were accepted. All of the admitted testimony was illuminative of the whole situation and of possible value in enabling the jury to answer the vital question.

The judgment is affirmed.